Julius **SPOON** and Annette Spoon, Plaintiffs-Appellants,

v.

**WALSTON & CO., INC.,** Defendant-Appellee.

No. 72–1858.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 6, 1973.

Decided May 10, 1973.

Elwood S. Simon, of Schlussel, Lifton, Simon, Rands & Kaufman, Detroit, Mich., for plaintiffs-appellants.

George H. Zinn, Jr., of Butzel, Long, Gust, Klein & Van Zile, Detroit, Mich., for defendant-appellee.

Before PHILLIPS, Chief Judge, LIVELY, Circuit Judge, and YOUNG, District Judge.*

PER CURIAM.

This is an action by appellants, stock purchasers, against a brokerage firm for damages resulting from a violation of a regulation promulgated by the Board of Governors of the Federal Reserve System pursuant to § 7 of the Securities & Exchange Act of 1934, 15 U.S.C. § 78a et seq. Reference is made to the comprehensive opinion of District Judge John Feikens reported at 345 F.Supp. 518 (E.D.Mich.1972) for a recitation of the pertinent facts.

The District Court found that the broker violated the Securities & Exchange Act and Regulation T by making false statements to the New York Stock Exchange in obtaining extensions of time to bring the margin account of appellants up to the required level.

The amount of loss suffered by appellants was $9,136.55. The District Judge allowed recovery of one-half of this loss, $4,568.27, holding that appellant Julius Spoon actively participated in the false statements to the Stock Exchange and in the events which caused the loss. The District Court granted rescission of the contract, but allowed recovery of only one-half of the damages, saying:

"The court emphasizes that this award is made upon an equitable basis, the court being convinced that this is a just and fair result. The disposition is based, in part, on observation of the witnesses—most of them parties—and the conclusion that neither party's statement of facts is true. Likewise, neither party is wholly culpable, and neither party is without fault in an equitable sense." 345 F. Supp. at 522.

We agree with the Second Circuit that Congress intended for the loss in transactions of this type generally to fall upon the broker. Pearlstein v. Scudder & German, 429 F.2d 1136 (2d Cir. 1970), cert. denied, 401 U.S. 1013, 91 S. Ct. 1250, 28 L.Ed.2d 550 (1971). Cf. Avery v. Merrill Lynch, Pierce, Fenner & Smith, 328 F.Supp. 677 (D.D.C.1971). See also, 71 Columbia L.Rev. 1521 (1971). Ordinarily the broker will be held liable for all of the damages, rather than one-half of the damages as awarded in the present case.

We cannot say, however, under the facts of this case that the District Court committed reversible error in applying principles of equity and rendering judgment on an equitable basis. Rescission is an equitable remedy. We find nothing in the Act of Congress, the legislative history or Regulation T which precludes the District Court, in an appropriate case, from allowing less than a one hundred per cent recovery on equitable principles. In our opinion, the facts of the present case present an appropriate situation for an award based on equitable principles.

Affirmed. No costs are taxed. All parties will bear their own costs.

* Honorable Don J. Young, Judge, United States District Court for the Northern District of Ohio, sitting by designation.